O

```
                          FILED
           CLERK, U.S.D.C. SOUTHERN DIVISION

                    APR I 9 2010

           CENTRAL DISTRICT OF CALIFORNIA
           BY                         DEPUTY
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CINDY O'CONNELL,                )   Case No. EDCV 09-1545 RNB
                                )
              Plaintiff,        )
                                )   ORDER REVERSING DECISION OF
        vs.                     )   COMMISSIONER AND REMANDING
                                )   FOR FURTHER ADMINISTRATIVE
MICHAEL J. ASTRUE,              )   PROCEEDINGS
Commissioner of Social Security,)
                                )
              Defendant.        )

Plaintiff filed a Complaint herein on August 19, 2009, seeking review of the Commissioner's denial of her applications for disability insurance benefits and Supplemental Security Income benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on April 14, 2010. Thus, this matter now is ready for decision.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1

**DISPUTED ISSUES**

2      As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising

3  as the grounds for reversal and remand are as follows:

4          1.     Whether the Administrative Law Judge ("ALJ") complied

5      with the Remand Order to obtain evidence from a medical expert in

6      psychiatry and properly developed the record.

7          2.     Whether the ALJ properly considered the State Agency

8      findings regarding plaintiff's multiple moderate mental limitations.

9          3.     Whether the ALJ properly considered the State Agency

10     findings regarding plaintiff's physical limitations.

11         4.     Whether the ALJ properly considered the treating

12     psychiatrist's opinion.

13         5.     Whether the ALJ properly considered the actual mental and

14     physical demands of plaintiff's past relevant work.

15         6.     Whether the ALJ properly determined that plaintiff did not

16     meet or equal a listed impairment.

17

18

**DISCUSSION**

19     As discussed below, the Court finds and concludes that reversal is not

20  warranted with respect to any of the Disputed Issues relating to the ALJ's findings

21  regarding the severity of plaintiff's mental impairment (i.e., Disputed Issue Nos. 1,

22  2, and 4). However, with respect to the two Disputed Issues relating to the ALJ's

23  findings regarding the severity of plaintiff's physical impairments (i.e., Disputed

24  Issue Nos. 3 and 6), the Court finds and concludes that reversal is warranted because

25  it does not appear from the ALJ's 2009 decision that the ALJ considered plaintiff's

26  post-hearing request for a closed period of benefits for the period August 20, 2002

27  through October 31, 2006.  This finding and conclusion renders it unnecessary to

28  reach the issue of whether the ALJ erred in his vocational determination at Step Four

1   of the Commissioner's sequential evaluation process (i.e., Disputed Issue No. 5).

2

3   **A.**   **Reversal is not warranted with respect to any of the Disputed Issues**
4       **relating to the ALJ's findings regarding the severity of plaintiff's mental**
5       **impairment.**

6       As a preliminary matter, the Court notes that the district court's jurisdiction and
7   the applicable standard of review in individual social security cases is set forth in 42
8   U.S.C. § 405(g), which provides that in individual review cases, district courts have
9   jurisdiction to review the Commissioner's denial of benefits; and that in such cases
10  the Court's role is limited to determining whether the Commissioner's findings are
11  supported by substantial evidence and whether the proper legal standards were
12  applied. See DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Accordingly,
13  with respect to Disputed Issue No. 1, the issue before the Court is not whether the
14  ALJ complied with the Remand Order. Rather, the Court's consideration of Disputed
15  Issue No. 1 is limited to the issue of whether the ALJ failed in his duty to fully and
16  fairly develop the record with respect to plaintiff's mental impairments. See Brown
17  v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) (ALJ's duty to fully and fairly develop
18  the record exists even when the claimant is represented by counsel). For the reasons
19  stated by the Commissioner (see Jt Stip at 7-8), the Court finds and concludes that the
20  ALJ did not fail in this duty, at least insofar as it relates to plaintiff's mental
21  impairment.

22      With respect to Disputed Issue No. 2, the Court concurs with the Commissioner
23  that the ALJ's consideration of the State Agency physician opinions regarding the
24  severity of plaintiff's mental impairment is evidenced by the ALJ's statement in his
25  2009 decision that the prior decision was "incorporated by reference and [was] the
26  decision on remand as supplemented herein." (AR 15.) The prior 2007 decision does
27  reflect the ALJ's consideration of the State Agency physician opinions regarding the
28  severity of plaintiff's mental impairment. (See AR 45-46.) The Court also notes that,

3

subsequent to the second administrative hearing held on January 9, 2009, plaintiff's counsel sent a letter to the ALJ advising that, based on the evidence and testimony of record, plaintiff only was requesting that a closed period of benefits for the period August 20, 2002 through October 31, 2006 be granted. (See AR 17.) In other words, plaintiff was not disputing that, as of the time she began working part-time as a security guard for a gated community in November 2006, she did not suffer from a disabling mental impairment. In his 2009 hearing decision, the ALJ commented that the record contained "no evidence of a miraculous physical or mental recovery which suddenly occurred in 2006." (AR 15.) Nowhere in the Joint Stipulation does plaintiff dispute this characterization of the record. For the foregoing reason, as well as the other reasons stated by the Commissioner (see Jt Stip at 11-12), the Court finds and concludes that, even if the ALJ erred in failing to specifically discuss the State Agency findings regarding plaintiff's multiple moderate mental limitations cited by plaintiff (see Jt Stip at 8-9), the error was harmless. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991).

With respect to Disputed Issue No. 4, the Court finds and concludes that reversal is not warranted based on the ALJ's failure to specifically discuss the assessment in Dr. Paladugu's August 24, 2004 treatment note that plaintiff's Global Assessment of Functioning ("GAF") level on that date was 48-50. Although the Court generally subscribes to the view that GAF ratings assessed by treating and examining physicians are relevant when the issue presented is whether the plaintiff suffers from a severe mental impairment, here the ALJ did find in both decisions that plaintiff suffered from a severe mental impairment. (See AR 14, 39.) Moreover, the law is well established in this Circuit that, "in interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'" Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003). Rather, the ALJ need only discuss evidence that is significant and probative. See id.; see also

4

1  Vincent v. Heckler 739 F.2d 1393, 1394-95 (9th Cir. 1984) (affirming where ALJ had
2  failed to mention letter from plaintiff's treating psychiatrist concluding that plaintiff
3  was severely impaired).  Here, the Court finds that Dr. Paladugu's one-time GAF
4  assessment was not probative of whether plaintiff suffered from a disabling mental
5  impairment that had lasted or was expected to last for at least 12 months.  See 42
6  U.S.C. § 423(d)(1)(A) (in order to establish disability, the impairment must be
7  expected to result in death or last for a continuous period of not less than 12 months).
8
9  **B.    Reversal is warranted with respect to the two Disputed Issues relating to**
10      **the ALJ's findings regarding the severity of plaintiff's physical**
11      **impairments.**
12      With respect to Disputed Issue No. 3, plaintiff contends that reversal is
13  warranted based on the ALJ's alleged failure to properly consider the December 15,
14  2005 opinion of Dr. Do, a State Agency physician, regarding plaintiff's physical
15  limitations (AR 479-86).  (See Jt Stip at 13-14.)  In response, the Commissioner
16  contends that the ALJ did not err because his 2009 decision reflects at AR 14-15 that
17  he was relying on the more recent September 2008 opinion of Dr. Sophon, a Board-
18  certified orthopedic consultative examiner (AR 247-52).  (See Jt Stip at 15-16.)  The
19  Court is mindful of the general rule that the ALJ is responsible for resolving conflicts
20  in the evidence.  See, e.g., Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)
21  ("The ALJ is responsible for determining credibility, resolving conflicts in medical
22  testimony, and for resolving ambiguities."); Young v. Heckler, 803 F.2d 963, 967-68
23  (9th Cir. 1986) ("In the absence of any conclusive medical evidence on the issue, it
24  is the function of the Secretary to resolve questions of resolutions of conflicts in the
25  evidence."); Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971) ("Where there is
26  conflicting evidence sufficient to support either outcome, we must affirm the decision
27  actually made.").  In this instance, however, where (a) the conflicting opinion of Dr.
28  Sophon was rendered three years after the opinion of Dr. Do was rendered, and (b)

5

1   plaintiff specifically had requested that a closed period of benefits for the period
2   August 20, 2002 through October 31, 2006 be granted, the Court is not convinced
3   that the foregoing general rule applies.  Also militating against application of the
4   general rule in this instance is the fact that the ALJ did not specifically state in his
5   2009 decision that he was rejecting Dr. Do's December 15, 2005 opinion regarding
6   plaintiff's physical limitations because it conflicted with the more recent September
7   2008 opinion of Dr. Sophon.  See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.
8   2003); Ceguerra v. Sec'y of Health & Human Svcs., 933 F.2d 735, 738 (9th Cir.
9   1991) ("A reviewing court can evaluate an agency's decision only on the grounds
10  articulated by the agency.").  The ALJ did indicate in his 2007 decision that he was
11  giving little weight to Dr. Do's December 15, 2005 residual functional capacity
12  ("RFC") assessment (formerly AR 493-500) because it was "far too restrictive and
13  rebutted by the opinion reflected in Dr. Moore's November 28, 2005 consultative
14  examination report contained at AR 500-08 (formerly AR 471-74).  (See AR 45.)
15  The Court notes, however, that Dr. Moore had expressly qualified his November 28,
16  2005 opinion with the following concluding statements: "The claimant certainly may
17  have functional limitations from an orthopedic standpoint, given her multiple prior
18  knee surgeries.  An evaluation by an orthopedist for SSI purposes is recommended."
19  (AR 508 (formerly AR 471).)  Given the foregoing qualification, the Court is unable
20  to find or conclude that the ALJ properly credited Dr. Moore's November 28, 2005
21  opinion over the subsequent opinion rendered by Dr. Do on December 15, 2005.

22          For essentially the same reasons, with respect to Disputed Issue No. 6, the
23  Court is unable to affirm the ALJ's listings determination at Step Three of the
24  Commissioner's sequential evaluation process, in the face of plaintiff's post-hearing
25  request that a closed period of benefits for the period August 20, 2002 through
26  October 31, 2006 be granted.

27  //
28  //

6

**CONCLUSION AND ORDER**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court.  See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).  Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635.  Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

This is not an instance where no useful purpose would be served by further administrative proceedings.  Rather, additional administrative proceedings conceivably could remedy the defects in the ALJ's decision, and specifically the ALJ's apparent failure to consider plaintiff's post-hearing request that a closed period of benefits for the period August 20, 2002 through October 31, 2006 be granted.

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: April 16, 2010

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

7